Filed 2/6/14  In re A.R. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | B248276 (Los Angeles County Super. Ct. No. CK94848) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>E.R.,<br><br>        Defendant and Appellant. | |

APPEAL from the orders of the Superior Court of Los Angeles County, Albert J. Garcia, Juvenile Court Referee.  Affirmed.

John Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Appellant.

Joseph D. Mackenzie, under appointment by the Court of Appeal, for Defendant and Appellant.

_____

E.R. (father) and the Department of Children and Family Services (Department) separately appeal from the dependency court's jurisdictional findings and dispositional orders. On March 1, 2013, the court declared father's sons, Em.R. and El.R., and their half-sister by another father, A.R., wards of the court under Welfare and Institutions Code section 300, subdivisions (b), (d), and (j). It also granted father unmonitored visitation with Em.R and El.R.[1] Father contends the court's jurisdictional findings as to his sons are not supported by substantial evidence. The department contends in its cross-appeal that the court erred by dismissing allegations under section 300, subdivision (a) and by granting father unmonitored visitation with his sons, despite sustaining allegations that father sexually abused A.R. Substantial evidence supports jurisdiction over all three minors, and the visitation order was not an abuse of discretion. We affirm the dependency court's orders.

**FACTUAL AND PROCEDURAL BACKGROUND**

C.P. is the mother of the three children named in the petition. A.R. was born in August 2006; Em.R and El.R were born in July 2007 and May 2010, respectively. When A.R. was about three months old, paternity testing revealed that father was not A.R.'s biological father. He considers A.R. as a daughter and treats her the same as his biological sons. In early interviews, A.R. reported she wanted to spend more time with father, like her half-brothers. The Department previously investigated the family in March and August of 2011, when mother accused father of emotional abuse against the children and domestic violence against her. No petition was filed in either instance.

In July 2012, mother and father were involved in a marital dissolution proceeding, but no final custody and visitation order was yet in place. The three children visited

_____

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

2

father on July 13 and 14, 2012.  According to A.R., during the visit, father took A.R. into the bathroom, exposed his penis, grabbed her left hand, made her touch his penis, and rubbed it up and down.  She stated she did not like what was happening and tried to pull away, but father was holding her wrist.  Later that evening, she was sitting on the couch with father, and he put his hand on her vagina over her clothes.  Father told A.R. this was a "daddy and daughter thing" and not to tell anybody else.  She also reported that father had slapped her because she had called her brother a dummy.  A.R.'s description of these events remained consistent in interviews with social workers, the Pomona Police Department, and a forensic interviewer.  Em.R. reported that after A.R. called him a name, father hit her face very hard.  Em.R. denied anyone touching A.R.'s private parts.  Em.R. said father sometimes spanks him on his bottom but has never touched him inappropriately.

Father admitted slapping A.R. when she called her brother a bad name but denied A.R.'s reports of sexual touching.  He believes mother and maternal grandmother may have coached the child to make the allegations in order to restrict his access to his children.  He agreed to permit the children to be removed from his custody as part of a dependency proceeding and was willing to participate in any services recommended by the Department.

Mother and maternal grandmother at times were not cooperative with the Department or law enforcement.  Mother strongly preferred pursuing the matter in criminal court and expressed concern about complying with any Department process that would subject A.R. to further interviews or physical exams outside of the criminal court.

On August 2, 2012, the Department filed a petition alleging the children fell within the jurisdiction of the dependency court under section 300.  Mother refused to appear at the detention hearing.  She also refused to bring the children to court or permit them to speak to an attorney.  The court appointed counsel for father, detained the children from him, released the children to mother, and continued the matter to August 3, 2012.  On August 3, 2012, the court found father to be the presumed father of Em.R. and El.R. only and granted father monitored visitation with all three children.

3

In August 2012, mother expressed concern that the Department was not acting to protect her children. She stated she would like to see the dependency case dismissed, because she can protect her children. She also refused to cooperate in the Department's attempts to arrange father's visitation with the children. Father was unable to visit his sons until December 10, 2012. The monitor reported that the visit went well, the boys were happy, and father acted appropriately.

On August 8, 2012, A.R. was interviewed by a forensic interviewer. A.R. reported the same allegations—that father had slapped her, forced her to touch his penis in the bathroom, and touched her vaginal area while the two were sitting on the couch. On August 11, 2012, A.R. underwent a Sexual Assault Response Team examination, because mother believed father forced A.R. to have sex with her seven-year-old cousin and demanded an exam. The physical exam was normal.

Father was detained by the Montebello Police Department on October 3, 2012, in connection with A.R.'s accusations but was released the following day because there were insufficient grounds for filing a criminal complaint.

At a trial setting conference on November 9, 2012, mother's counsel reported that she recently became aware of a separate police report by the Montebello Police Department that had not been included in any of the Department's reports. Mother's counsel requested the trial be continued to December to permit all parties to obtain and review the report.

On December 17, 2012, the Department filed a last minute information report attaching a September 22, 2012 incident report from the Montebello Police Department. The police report documented an interview in which A.R. reported father had sexual intercourse with her in 2011. The Los Angeles County District Attorney's Office reviewed the report, and on October 4, 2012, declined to prosecute father.

On December 17, 2012, the dependency court continued the adjudication hearing to February 27, 2013. Minor's counsel requested appointment of a forensic expert in light of the new evidence stemming from the Montebello police report. On December 31, 2012, the Department filed a first amended petition, adding allegations about the 2011 sexual abuse, as well as allegations that father had kicked Em.R. in the stomach.

4

A.R. was interviewed by a forensic interviewer on January 23, 2013. A transcript of the interview reveals that A.R. was unable to provide much detail about the allegations of sexual intercourse with father, often answering "I don't know." Upon further questioning, she stated father put "his weenie" inside her and moved around, and it felt weird.

The dependency court conducted an adjudication and disposition hearing on February 27, 2013 and March 1, 2013. The court struck all allegations regarding mother's failure to protect based on a request from the Department. As to father, the court sustained allegations from the first amended petition under subdivisions (b), (d), and (j) of section 300. The court found true allegations that father sexually abused A.R. by fondling her vagina, forcing her to fondle father's penis, instructing her not to disclose such acts to mother, and this abuse placed all three children at risk of harm. The court also found true allegations that father removed A.R.'s clothing, had sexual intercourse with her, and instructed her not to disclose such acts to mother. During the disposition phase of the hearing, all parties agreed that no disposition was necessary with respect to A.R., because she was not father's biological child. After hearing argument on whether monitored visitation was required, the court granted mother sole physical custody of Em.R. and El.R., with a minimum unmonitored visitation schedule of three hours, three times a week for father.

### DISCUSSION

***Substantial evidence supports the court's finding that the boys are children described by section 300, subdivision (j).***

Father contends substantial evidence does not support the allegations sustained against him as to his sons. In determining whether an order is supported by substantial evidence, "we look to see if substantial evidence, contradicted or uncontradicted, supports [it]. [Citation.] In making this determination, we draw all reasonable inferences

5

from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations[.]" (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.) Issues of fact and the credibility of witnesses are questions for the trial court. (*In re Carmaleta B.* (1978) 21 Cal.3d 482, 495.) "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court." (*In re Matthew S.* (1988) 201 Cal.App.3d 315, 321.) If supported by substantial evidence, the judgment or finding must be upheld, even though substantial evidence may also exist that would support a contrary judgment and the dependency court might have reached a different conclusion had it determined the facts and weighed credibility differently. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

Father does not challenge the dependency court's jurisdictional finding under subdivisions (b) and (d) of section 300 that father placed A.R. "at risk of physical harm, damage, danger, sexual abuse, and failure to protect." The court found true allegations that father repeatedly fondled A.R, exposed and forced her to fondle his penis, and had sexual intercourse with her. Father only contends the court's orders sustaining allegations under subdivisions (b), (d), and (j) of section 300 and finding jurisdiction over his *sons* are not supported by substantial evidence.

Subdivision (b) of section 300 supports dependency court jurisdiction if a child has suffered, or there is a substantial risk the child will suffer, serious physical harm or illness as a result of the parent's failure to adequately supervise or protect the child. Subdivision (d) of section 300 supports dependency court jurisdiction when a "child has been sexually abused, or there is a substantial risk that the child will be sexually abused, as defined in Section 11165.1 of the Penal Code, by his or her parent . . . ." Subdivision (j) of section 300 provides a basis for dependency court jurisdiction if "[t]he child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions."

6

When a court sustains allegations that a parent sexually abused a female minor in a household, it is reasonable for a court to infer that male minors in the same household are at risk of abuse or neglect under subdivision (j) of section 300. (*In re I.J.* (2013) 56 Cal.4th 766.) In *In re I.J.*, the dependency court sustained a petition containing allegations that the younger male and female siblings of the 14-year-old girl who had been sexually abused by her father for three years were children described by section 300, subdivisions (b) (failure to protect), (d) (sexual abuse), and (j) (abuse of sibling). The father argued that evidence he sexually abused his daughter did not support jurisdiction over his sons, where there was no evidence or claim that the father had "sexually abused or otherwise mistreated his three sons, and the evidence indicates that they had not witnessed any of the sexual abuse and were unaware of it" before the dependency proceeding began. (*Id*. at p. 771.) Acknowledging disagreement among the Courts of Appeal, the California Supreme Court concluded that a finding of sexual abuse of a child of one gender may be sufficient to support a finding of risk as to children of a different gender. "'When a parent abuses his or her child, . . . the parent also abandons and contravenes the parental role. Such misparenting is among the specific compelling circumstances which may justify state intervention, including an interruption of parental custody. [Citation]' [Citation.]" (*Id*. at p. 778.) The *I.J.* court also rejected the argument that there must be scientific authority or empirical evidence to support a dependency court's finding of substantial risk. (*Id*. at pp. 778-779.)

Following the reasoning in *In re I.J.,* we conclude the nature of the sustained allegations regarding father's sexual abuse of A.R. are sufficient to support a finding of substantial risk to Em.R. and El.R under subdivision (j) of section 300. The dependency court's assertion of jurisdiction here is supported by substantial evidence. (*In re I.J., supra,* 56 Cal.4th at p. 780; see also *In re P.A.* (2006) 144 Cal.App.4th 1339, 1347 [affirming jurisdictional order over five- and eight-year-old sons where the lower court sustained allegations that father had sexually touched nine-year-old daughter].) Although there is room for a different conclusion based on the facts of our case, the pertinent inquiry is whether substantial evidence supports the finding, not whether a contrary

7

finding might have been made.  (*In re Dakota H., supra,* 132 Cal.App.4th at p. 228.)  The sustained allegations that father had sexually abused A.R., considered together with evidence that some of the alleged abuse occurred when Em.R. and El.R. were present in the home, evidence of ongoing distrust between mother and father, and the young age of both boys support a reasonable inference both boys were at sufficient risk of harm to support jurisdiction under subdivision (j) of section 300.

When one of the statutory bases for exercising jurisdiction over a child is supported by substantial evidence, the appellate court need not consider whether the lower court correctly sustained other allegations in the petition.  (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.)  Because we conclude that substantial evidence supports the dependency court's exercise of jurisdiction over A.R., Em.R., and El.R under subdivision (j) of section 300, we need not address father's argument that there is not substantial evidence to support an exercise of jurisdiction under subdivisions (b) and (d) of section 300.  We also do not need to address the Department's argument the court erred in dismissing the Department's allegations under subdivision (a) of section 300.

### *The dependency court did not abuse its discretion in granting father unmonitored visitation with Em.R. and El.R.*

The Department contends the dependency court erred in granting father unmonitored visitation with the boys, in light of its order sustaining the allegations of sexual abuse of daughter.  "We review an order setting visitation terms for abuse of discretion. [Citations.]"  (*In re Brittany C.* (2011) 191 Cal.App.4th 1343, 1356.)

The Department argues that because the dependency court found jurisdiction over Em.R. and El.R., based on allegations of father's sexual abuse of A.R., it would be an abuse of discretion to permit unmonitored visitation.  Father does not respond to the Department's argument on this point.  We decline to substitute our judgment for that of the dependency court on the question of whether father may have unmonitored visitation with his sons.  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)  In light of the conflicting

evidence regarding the allegations of sexual abuse, mother's demonstrated efforts to limit or deny father visitation with his children during the course of the dependency proceeding, and father's willingness to submit to dependency court jurisdiction, we conclude the dependency court did not abuse its discretion by permitting unmonitored visitation with the sons.

## DISPOSITION

The dependency court's jurisdictional findings and dispositional orders are affirmed.

KRIEGLER, J.

We concur:

MOSK, Acting P. J.

MINK, J.*

---

\* Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.